UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATINA S. FOGLE,

    Plaintiff,

v.

CARMAX AUTO FINANCE A/K/A
CARMAX BUSINESS SERVICES LLC
AND UNITED AUTO RECOVERY,

    Defendants.

_____/

Hon. Hala Y. Jarbou

Case No. 1:23-cv-468

## REPORT AND RECOMMENDATION

Plaintiff Fatina Fogle filed a pro se complaint against Defendants Carmax Auto Finance a/k/a Carmax Business Services LLC and United Auto Recovery on May 5, 2023, alleging that they violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 *et seq.*, and 18 U.S.C. § 242 in connection with the collection of a consumer automobile loan and repossession of the vehicle securing the loan. Plaintiff also invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) to allege a state-law claim of conversion.

On May 8, 2023, I granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 65) Accordingly, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I conclude that the complaint fails to state a federal claim upon which relief can be granted. I further conclude that Plaintiff's state-law conversion

claim should be dismissed without prejudice because Plaintiff fails to establish diversity jurisdiction.

## I. Background

Plaintiff, a resident of Michigan, sues Carmax Auto Finance a/k/a Carmax Business Services LLC (Carmax), located in Richmond, Virginia, and United Auto Recovery (UAR), located in Collierville, Tennessee. At some point, apparently in 2022, Plaintiff purchased a 2013 Cadillac SRX. While Plaintiff's allegations are not entirely clear, they indicate that Carmax financed her purchase of the vehicle. Plaintiff eventually became delinquent on at least two occasions. On January 16, 2023, and April 20, 2023, UAR, on behalf of Carmax, appeared at Plaintiff's residence to repossess the vehicle. Plaintiff alleges that on one or both of the foregoing dates, UAR arrived at her residence to recover the vehicle at 4:30 a.m. She further alleges that UAR lacked a court order and failed to notify the local police that they would be conducting a repossession. She claims that she asked UAR's employee to release her vehicle, but they refused and hurriedly took it, breaching the peace. (ECF No. 1 at PageID.6.)

Plaintiff alleges that she had paid Carmax $507 and believed that her account was current and updated, and that she had sent Carmax an "intent-to-sue" letter prior to the repossession, but Carmax nonetheless exerted unauthorized control over her vehicle, thereby unlawfully converting it. (*Id.*) Plaintiff also alleges that pursuant to the TILA, she submitted a request to Carmax for rescission of the loan, but Carmax failed to honor her request. (*Id.* at PageID.8–9.)

Plaintiff seeks actual and punitive damages against Carmax in the amount of $103,550.14 and actual and punitive damages against UAR in the amount of $75,000.00. (*Id.* at PageID.11.)

## II. Standard for Dismissal

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Because Plaintiff is proceeding pro se, the Court must construe her pleading more liberally than it does for pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But this liberal pleading standard "is not without its limits, and does not 'abrogate basic pleading essentials

3

in pro se suits.'" *Clark v. Johnston*, 413 F. App'x 804, 817 (6th Cir. 2011) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Stated differently, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). To require otherwise "would not only strain judicial resources . . . but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Discussion

**A.    Federal Claims**

**1.    Constitutional Claims**

Plaintiff alleges that in effecting the repossession without a court order, Carmax and/or URA violated her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff asserts this claim pursuant to 42 U.S.C § 1983.[1] (*Id.* at PageID.5.) As an initial matter, Plaintiff incorrectly asserts that Defendants were required to obtain a court order prior to repossessing her vehicle. The self-help remedy set forth in Michigan's version of the Uniform Commercial Code, Mich. Comp. Laws § 440.9609, codifies the well-recognized

---

[1] To the extent that Plaintiff intends to assert a direct cause of action under the Constitution, the Sixth Circuit has held that Section 1983 provides the exclusive means for assertion a constitutional claim. *See Thomas v. Shipka,* 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."); *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations." (citing *Thomas*, 818 F.2d at 503)); *Sanders v. Prentice-Hall Corp. Sys., Inc.*, No. 97-6138, 1999 WL 115517, at *1 n.2 (6th Cir. Feb. 8, 1999) ("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations.").

common-law remedy of self-help. *Hill v. Michigan Nat'l Bank of Detroit*, 58 Mich. App. 430, 436 (1975) (citing prior version). A creditor need not obtain a court order to avail itself of this remedy. *Hensley v. Gassman*, 693 F.3d 681, 688 (6th Cir. 2012) ("Gassman sought to repossess the Hensleys' Buick pursuant to section 9–609(2) of Michigan's version of the Uniform Commercial Code, which authorizes a creditor to use self-help, i.e., without a court order, to repossess collateral if it can be accomplished without breaching the peace.") Accordingly, self-help repossession "does not constitute state action within the meaning of the due process clause of the Fourteenth Amendment." *Hill*, 58 Mich. App. at 437. Moreover, in order to establish a due process violation—or a violation of any constitutional right for that matter—a plaintiff must show that the defendant was a state actor. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009); *see also Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."). Because Carmax and URA are not state actors, they cannot be held liable under Section 1983.

    **2.**    **TILA Claim**

Plaintiff contends that Carmax violated the TILA by failing to honor her request for rescission pursuant to 15 U.S.C. § 1635. The statute provides a right of rescission as follows:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property *which is used as the principal dwelling of the person to whom credit is extended*, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the

>rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a) (italics added). Plaintiff does not seek rescission of a consumer credit transaction secured by a principal dwelling. Rather, the transaction concerns financing for her automobile. Therefore, she has no right of rescission under the TILA. *See Thomas v. USAA Fed. Sav. Bank*, No. 23-10003, 2023 WL 3294102, at *4 (E.D. Mich. May 5, 2023) ("Plaintiff's property is an automobile, not a principal dwelling. For that reason, she does not have a right to rescind her transaction with Defendant."); *Santee v. American Credit Acceptance, LLC*, No. 7:21-cv-3325, 2022 WL 378212, at *3 (D.S.C. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 378146 (D.S.C. Feb. 8, 2022) (holding that the plaintiff's TILA claim for rescission failed because it involved the purchase of a vehicle, not her principle dwelling). Therefore, this claim fails.[2]

### 3.     FDCPA Claims

Plaintiff alleges that Carmax violated several provisions of the FDCPA. To state a claim, however, Plaintiff must allege facts demonstrating that Carmax is a "debt collector" covered by the FDCPA. *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734–35 (6th Cir. 2007). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In general, a creditor that attempts to collect its own debts is not a debt collector under the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

---

[2] Plaintiff also alleges that Carmax violated 12 C.F.R. § 102.636(c)(b)(iii)(2). (ECF No. 1 at Page ID.7.) After extensive research, I have been unable to confirm that this regulation exists. It appears that Plaintiff may have intended to cite 12 C.F.R. § 1026.36, which pertains prohibits certain acts or practices for credit secured by a dwelling.

A complaint that "fails to include factual allegations for an essential element of the cause of action does not state a claim to relief that is plausible[,]" *Mr. Elec. Corp. v. Khalil*, No. 06–2414, 2011 WL 5900810, at *1 (D. Kan. Nov. 23, 2011) (citing *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009)), and under the FDCPA the "'critical element is whether the defendant is a debt collector' as defined under the statute[,]" *Hines v. MidFirst Bank*, No. 1:12-CV-2527, 2013 WL 609401, at *10 (N.D. Ga. Jan. 8, 2013), *report and recommendation adopted*, 2013 WL 603883 (N.D. Ga. Feb. 19, 2013) (quoting *Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197, 2012 WL 1176701, at *11 (M.D. Fla. Apr. 9, 2012)). Here, Plaintiff fails even to mention Carmax's status as a "debt collector," let alone allege facts sufficient to show that it is, in fact, a debt collector. In fact, Plaintiff's allegations suggest that Carmax is not a debt collector, but the creditor that financed Plaintiff's vehicle purchase. *Laboo v. Citizens One/Citizens Bank*, No. 1:21-CV-667, 2021 WL 4866999, at *3 (N.D. Ga. Mar. 10, 2021), *report and recommendation adopted*, 2021 WL 4866988 (N.D. Ga. Apr. 29, 2021) (recommending dismissal of the plaintiff's complaint for failing to allege that the defendant was a debt collector and finding that amendment would be futile because the defendant appeared to be the plaintiff's creditor). Therefore, the FDCPA claim should be dismissed.

    4.  **GLBA Claim**

Plaintiff contends that Carmax violated 15 U.S.C. § 6802, which governs the obligations of financial institutions with respect to disclosure of a borrower's personal information, when it provided Plaintiff's personal information to UAR for purposes of effecting the repossessions. (*Id.* at PageID.6.) This claim fails for the simple reason that there is no private right of action under this statute. *See Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007); *Casavelli v. Johanson*, No. CV-20-00497, 2021 WL 3400608, at *3 (D. Ariz. July 20, 2021); *Geyer v.*

7

*American Advisors Grp.*, 2018 WL 466240, at *2 (D.N.J. Jan. 18, 2018); *Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1318–19 (M.D. Fla. 2017); *Smith v. First Century Bank*, No. 3:04-cv-591, 2007 WL 1035125, at *4 (E.D. Tenn. Mar. 30, 2007). Therefore, this claim must be dismissed.

        **5.**    **18 U.S.C. § 242**

Any claim based on 18 U.S.C. § 242 is also subject to dismissal. This statute is a criminal statute that does not provide for a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim pursuant to Section 242 because there is no private right of action under this criminal statute); *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-cv-02724, 2022 WL 3337274, at *5 (W.D. Tenn. May 4, 2022), *report and recommendation adopted*, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022) ("The plain language of Sections 241, 242, and 245 reveals that they each are criminal statutes that do not provide for a private right of action."); *Weathers v. Holland Police Dep't*, No. 1:13CV1349, 2015 WL 357058, at *2–3 (W.D. Mich. Jan. 27, 2015) ("This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242.") (citing *Horn v. Peck*, 130 F. Supp. 536 (W.D. Mich. 1955)).

      **B.**    **State Law Claim**

As previously noted, Plaintiff also invokes the Court's diversity jurisdiction over her state-law conversion claim. Federal courts have original jurisdiction over suits between "citizens of different States" when the amount in controversy exceeds "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1); *see Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014). As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v.*

8

*Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998) (noting that the plaintiff has the burden of proving a federal court's jurisdiction). The Court must raise subject matter jurisdiction sua sponte. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973).

Plaintiff alleges that diversity jurisdiction exists because the suit is between citizens of different States, and Plaintiff has checked the box on the form complaint indicating that the amount in controversy exceeds $75,000. (*Id.* at PageID.3.) Nothing in Plaintiff's complaint, however, suggests a factual basis for concluding that Plaintiff's damages exceed the jurisdictional threshold. To satisfy the amount-in-controversy requirement, a plaintiff's allegations must support a good faith argument that the amount in dispute exceeds the $75,000 threshold. *See Schultz v. General R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). The general rule applicable to cases originally brought in federal court is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted). A court "should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (internal quotation marks omitted).

In Michigan, the proper measure of damages is the fair market value of the converted item at the time of the conversion. *Bernhardt v. Ingham Reg'l Med. Ctr.*, 249 Mich. App. 274, 280-81

9

(2002). In rare instances, such as the conversion of family pictures or heirlooms, Michigan courts have recognized the "sentimental" value of the property when assessing damages. *See id.* That is not the case with the property at issue here, however. Moreover, although Michigan case law indicates that "actual damages" may include compensation for mental distress and anguish, *Veselenak v. Smith*, 414 Mich. 567, 574 (1982), there is no such rule with regard to the loss of personal property. *See Harris v. JB Robinson Jewelers*, No. 05-10294, 2011 WL 867555, at *2 (E.D. Mich. Mar. 10, 2011) (concluding that under Michigan law, "noneconomic damages for pain and suffering or emotional distress are not recoverable pursuant to Plaintiff's conversion claim"); *Bernhardt*, 249 Mich. App. at 279 ("There is no Michigan precedent that permits the recovery of damages for emotional injuries allegedly suffered as a consequence of property damage."); *Koester v. VCA Animal Hosp.*, 244 Mich. App. 173, 176 (2000) (same).

While Plaintiff does not mention the fair market value of the vehicle in her complaint, Exhibit D indicates that its fair market value as of September 20, 2022, was $8,989.00. (ECF No. 1-5.) This is well below the jurisdictional threshold. I note that Michigan also has a statutory cause of action pursuant to Mich. Comp. Laws § 600.2919a, which allows a plaintiff to recover "3 times the amount of actual damages sustained" against a defendant who converts the plaintiff's property for its own use. But even trebling Plaintiff's actual damages, the amount in controversy is still far short of the jurisdictional threshold.[3]

Accordingly, I recommend that the Court dismiss Plaintiff's conversion claim without prejudice to allow for refiling in state court.

---

[3] The amount in controversy is not satisfied even considering that Plaintiff alleges multiple conversions. When the converted property is returned to the plaintiff, the measure of damages is not the value of the property converted, but the deterioration in value, if any, between the time of the illegal taking and its return to the owner, as well as the reasonable value of its use if the property had such value. *Maycroft v. The Jennings Farms*, 209 Mich. 187, 192 (1920).

## IV. Conclusion

For the reasons set forth above, I recommend that the Court dismiss Plaintiff's federal claims for failure to state a claim upon which relief may be granted and dismiss Plaintiff's conversion claim without prejudice for lack of subject matter jurisdiction.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  May 17, 2023                              /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).